UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>DANNY W. ADEN and ROZELL J. ADEN,<br><br>                     Debtors.<br>_____<br><br><br>DANNY WAYNE ADEN and ROZELL J ADEN,<br><br>                     Appellants,<br><br>   v.<br><br>JEREMY GUGINO, TRUSTEE,<br><br>                     Appellee.<br><br>*Consolidated with:*<br><br>In re:<br><br>JUDITH CLARICE SATHER,<br><br>                     Debtor.<br><br>JUDITH CLARICE SATHER,<br><br>                     Appellant,<br><br>   v.<br><br>JEREMY GUGINO, TRUSTEE,<br><br>                     Appellee. | Case No. 1:12-cv-00191-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION & ORDER - 1**

## INTRODUCTION

Before the Court is the parties' Joint Motion to Approve Compromise of Controversy and Withdraw the Reference (Dkt. 31). For the reasons discussed below, the Court will deny the motion to withdraw the reference and will deny without prejudice the parties' request that this Court vacate its November 29, 2012 Decision (Dkt. 20).

## BACKGROUND

A fuller recitation of the facts in this case can be found in the Court's November 29, 2012 Decision. A brief synopsis, along with facts that developed after that decision, follows.

The debtors in this consolidated case purchased various annuity contracts before filing bankruptcy. At the time they filed their petitions, the debtors had not yet selected any particular payout option under their annuity contracts. The debtors argued that the annuities – or at least a portion of their prospective proceeds – were exempt under Idaho Code § 41-1836.

The debtors lost this argument in bankruptcy court, but then won the issue on appeal to this Court. Based on the relevant state exemption statute, Idaho Code § 41-1836, this Court held that creditors cannot reach into the future to claw back annuity payments that have not yet been made to the annuitant. The trustee appealed this decision to the Ninth Circuit.

While this appeal was pending, the parties agreed upon a settlement and the trustee

has agreed to conditionally withdraw his appeal.[1]  The settlement is contingent upon court approval.  Within this joint motion, the parties ask the Court to do three things: (1) withdraw the reference to the bankruptcy courts in both *Sather* and *Aden*; (2) approve the compromise; and (3) vacate this Court's November 29, 2012 decision.

## ANALYSIS

### A. The Request to Withdraw the Reference

The Court will deny the parties' request to withdraw the reference in both cases as the parties have not shown "good cause" for such a withdrawal.

Although district courts have original jurisdiction over cases arising under the Bankruptcy Code, 28 U.S.C. § 1334(b), they may refer these cases to the bankruptcy judges for the district.  *See* 28 U.S.C. § 157(a).  District courts also have the authority to withdraw the reference to bankruptcy court. 28 U.S.C. § 157(d).  Withdrawal may be mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce," or permissive upon "timely motion of any party, for cause shown." *Id*.  The parties here suggest that good cause exists to permissively withdraw the reference.

In determining whether cause exists, district courts consider (1) the efficient use of judicial resources, (2) delay and costs to the parties, (3) uniformity of bankruptcy

---

[1] Before this settlement was reached, the appellants filed a Motion to Stay and Alternative Motion to Abandon.  *See* Dkt. 24.  The Court was on the brink of ruling on this motion when the parties advised it of the settlement agreement.  At this point, the Court will refrain from ruling on the motion as it appears fairly likely that the motion either is, or shortly will become, moot.  The parties should promptly advise the Court if a ruling becomes necessary.

administration, (4) the prevention of forum shopping, and other related factors. *Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Courts should also determine whether "core" or "non-core" issues predominate. Withdrawing the reference typically enhances efficiency where non-core issues predominate. *Id*.

The parties have not engaged in a point-by-point discussion of any of the above factors and they have not meaningfully explained why this Court should withdraw the reference to determine a core matter.[2] Instead, the parties explain, in general terms, that "time is of the essence" because one of the debtors has terminal cancer. The parties also point out that unless the reference is withdrawn, the compromise will have to be approved by two bankruptcy judges (Judge Myers in *Sather* and Judge Pappas in *Aden*) who could reach different decisions. Finally, the parties also say this Court should be the one to approve the settlement because part of the settlement agreement calls for this Court to withdraw its earlier decision.

None of these reasons, individually or collectively, amounts to good cause.

First, the Court appreciates that time is of the essence and, indeed "delay and cost to the parties" is a relevant consideration. But there is no reason that the bankruptcy courts could not act just as quickly as this Court could. Further, it appears there may well

---

[2] The Court assumes approval of a controversy is a core matter. *See, e.g., In re Milden*, 111 F.3d 138 (9th Cir. 1997 ) (table decision) (approval of the compromise and settlement of claims is a "core proceeding"); 28 U.S.C. § 157(b)(2)(A) and (O) (listing as "core proceedings" "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate").

**MEMORANDUM DECISION & ORDER - 4**

be a 21-day delay anyway because the parties must give 21 days' notice to creditors of the hearing "on approval of a compromise or settlement of a controversy . . . ." Fed. R. Bankr. P. 2002(a)(3); *see also* Fed. R Bankr. P. 9019(a) (court may approve compromise "after notice and a hearing"). If "good cause" is shown, the court may direct that no such notice is necessary, *see* Fed. R. Bankr. P. 2002(a)(3), but the parties made no effort to establish "good cause."

Second, the fact that two bankruptcy judges will be asked to approve the controversy does not necessarily mean they will reach differing decisions, as the parties suggest. The parties have not indicated that this compromise will be controversial or that it presents any close issues. Rather, they rely solely on the general risk that the two judges will reach two decisions. The Court cannot find good cause based on such non-specific concerns.

Finally, the parties point out that the bankruptcy courts do not have power to vacate this Court's earlier decision. At this point, however, the parties have not even precisely explained why the Court should vacate its earlier decision. *See* discussion *infra.* Further, even though withdrawal of this Court's decision may be a component of the parties' settlement agreement, the Court does not believe this justifies stripping the bankruptcy court of its power to adjudicate core matters in this case. This Court can independently decide whether to withdraw its decision. Further, this Court believes it would be most efficient for the bankruptcy courts – and not this Court – to preside over each of these cases until they are concluded.

**MEMORANDUM DECISION & ORDER - 5**

For all these reasons, the Court will deny the parties' request to withdraw the reference. The parties should file a motion to approve their compromise before the presiding bankruptcy judge in each case.

**B.     The Request to Vacate the Court's November 29, 2012 Decision**

The Court will also deny the parties' request to vacate this Court's earlier decision, but it will do so without prejudice.

The parties have not precisely articulated why the Court should vacate its decision. Instead, they just point out that after this Court issued its decision, the Idaho Legislature revised the exemption statute the Court wrestled with.  The new statute, which will be effective in July of this year, provides that if an annuity contract (a) has a cash-surrender provision; and (b) the annuitant is not receiving a payment stream under the annuity, then the cash-surrender value (less certain amounts) is not exempt.  *See* Idaho Code § 41-1836, *amended by* 2013 Idaho Laws Ch. 246 (S.B. 1109) (effective July 1, 2013).  By contrast, in interpreting the old version of the statute, which had no such provision, this Court had held that annuity contracts with cash-surrender provisions were exemptible.

But the parties have not explained is why it is necessary – just because of a settlement and a new statute – to vacate this Court's decision interpreting the old statute. They have not cited any rule or case authority that guides the Court's decision as to whether vacating the decision is permissible or advisable.  Nor have they tethered their request to any particular procedural rule.  The Court will therefore deny the request to vacate its decision. The parties should be aware, however, that: (1) the Court is not

**MEMORANDUM DECISION & ORDER - 6**

necessarily averse to vacating its decision; (2) the Court generally favors settlements; and (3) the Court has no interest in requiring additional briefing or forcing the parties to incur additional litigation expense.  But still, litigants must support their requests for judicial relief with citation to relevant legal authority.

## ORDER

IT IS ORDERED that the Motion to Approve Compromise of Controversy and to Withdraw the Reference is **DENIED in part, MOOT in part, and DENIED WITHOUT PREJUDICE in part.**  Specifically, the parties' request to withdraw the reference to the bankruptcy court is denied.  This denial moots the parties' request to have this Court approve their compromise.  And, finally, the parties' request that this Court vacate its earlier decision is denied without prejudice.



DATED: April 26, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court