UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>DANNY W. ADEN and ROZELL J. ADEN,<br><br>                   Debtors.<br>_____<br><br><br>DANNY WAYNE ADEN and ROZELL J ADEN,<br><br>                   Appellants,<br><br>   v.<br><br>JEREMY GUGINO, TRUSTEE,<br><br>                   Appellee.<br><br>*Consolidated with:*<br><br>In re:<br><br>JUDITH CLARICE SATHER,<br><br>                   Debtor.<br><br>JUDITH CLARICE SATHER,<br><br>                   Appellant,<br><br>   v.<br><br>JEREMY GUGINO, TRUSTEE,<br><br>                   Appellee. | Case No. 1:12-cv-00191-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the parties' Amended Joint Motion to Withdraw Decision (Dkt. 34). As more fully explained below, the equities do not favor vacating the Court's earlier, November 29, 2012 decision in this matter. *See* Dkt. 20. The motion will therefore be denied.

## BACKGROUND

A fuller recitation of the facts in this case can be found in the Court's November 29, 2012 decision. A brief synopsis follows.

The debtors in this consolidated case purchased various annuity contracts before filing bankruptcy. At the time they filed their petitions, the debtors had not yet selected any particular payout option under their annuity contracts. The debtors argued that the annuities – or at least a portion of their prospective proceeds – were exempt under Idaho Code § 41-1836.

The debtors lost this argument in bankruptcy court, but then won the issue on appeal to this Court. Based on the relevant state exemption statute, Idaho Code § 41-1836, this Court held that creditors cannot reach into the future to claw back annuity payments that have not yet been made to the annuitant. The trustee appealed this decision to the Ninth Circuit.

While this appeal was pending, the parties settled and the trustee agreed to withdraw his appeal, contingent upon court approval of the settlement terms. As part of their settlement, the parties agreed to ask this Court to vacate its decision. The Court denied this request without prejudice because the parties had failed to explain why

vacatur was necessary. This amended motion followed. The Court is still not persuaded that vacatur is appropriate.

## ANALYSIS

A court may vacate an earlier decision if the parties settle, but it is not required to do so. *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir.1998). Otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). In determining whether to vacate this decision, the Court must consider: (1) the consequences and hardships associated with vacatur, or refusal to vacate, and (2) "'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir.1995) (quoting *Ringsby*, 686 F.2d at 722). The moving party has the burden of demonstrating equitable entitlement to the "extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994); *see generally Am.Games*, 142 F.3d at 1170.

### 1. The Consequences and Hardships Associated with Vacatur

The parties' sparse motion does not justify vacatur. They first say that they want vacatur, and that they agreed to ask for it when they settled. That is not enough. Certainly, this does not show any hardship associated with leaving the decision in place.

By contrast, the Court cannot see any specific benefit of vacating the decision. To the extent the parties suggest vacatur will foster settlement – in this case or systemically – the Court does not agree. In this case, the parties have already settled, without need of a

vacatur.  And, more generally, a blanket practice of vacating judgments just because a case has settled will not necessarily foster settlement.  To the contrary, the general availability of vacatur could conceivably deter settlement at the early stages of litigation: "*Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.  And the judicial economies reached at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal." *Bonner Mall,* 513 U.S. at 28.[1]

The parties next discuss the precedential value of the Court's decision, which they describe as "negligible." *Am. Mot.*, Dkt. 34, at 4.  They say that diminishing the precedential value of the decision through vacatur would not be a significant cost because the Idaho legislature revised the exemption statute the Court wrestled with.  *See* Idaho Code § 41-1836, *amended by* 2013 Idaho Laws Ch. 246 (S.B. 1109) (effective July 1, 2013).  But this assertion lacks force because in the next breath, the parties concede that the statutory revisions would not have impacted their dispute.  *See Am. Jt. Mot*., Dkt. 34, at 4 n.1.  It seems quite plausible that a similar dispute could arise in the future.  As such, it makes sense to leave the decision in place, unclouded by a vacatur.  *See Mem'l Hosp. of Iowa Cnty., Inc. v. United States Dept. of Health & Human Servs.,* 862 F.2d 1299,1302 (7th Cir. 1988) (Easterbrook, J.) (although district-court opinions do not vanish on

---

[1] In this case, the judicial economies would have been the greatest if the case had settled at the bankruptcy-court level, rather than at the district-court level, given that the Court was entertaining an appeal.

**MEMORANDUM DECISION & ORDER - 4**

vacatur, such an order nonetheless "clouds and diminishes the significance of the holding").

Granted, district-court opinions are not binding. But there is still a systemic interest in preserving them. *See Bonner Mall,* 513 U.S. at 26. As the Supreme Court has explained, judicial precedents are not merely the property of private litigants; rather they are "presumptively correct and valuable to the legal community as a whole." *Id.; see also Mem'l Hosp.,* 862 F.2d at 1302 ("The precedent, a public act of a public official, is not the parties' property."). In that larger, public sense, district-court decisions can play a significant role in the development of decisional law. They guide parties in formulating their legal strategies and figuring out ranges of available remedies. They can also be useful to courts of appeals faced with similar issues. Vacating the decision in this case would also squander the many hours the Court spent in resolving the case on its merits. *See id.* (just as it may be inappropriate to approve a consent decree calling for a "profligate commitment of the court's resources, so it may be inappropriate to approve a settlement that squanders judicial time already invested"). So even though the Court's decision is non-binding, there are still significant costs associated with vacatur.

### 2. The Preclusive Effect of the Decision

The same cannot be said regarding the preclusive effect of the decision. That is, the Court cannot conclude that eliminating the preclusive effect of this decision is a significant cost of vacatur.

In theory, a cost associated with vacatur is the elimination of the preclusive effect of the decision – meaning that the parties could theoretically relitigate their claims. The

Court has not seen the parties' settlement agreement, but it almost surely prevents them from relitigating their claims. So the doctrine of res judicata is presumably not implicated. If there were third-party interests in this case, the collateral-estoppel doctrine might be implicated, which could also militate in favor of leaving the decision in place. *See generally Nat'l Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 769 (9th Cir. 1989) ("Given the third-party interests in this case and the possible, although uncertain status of any preclusive effect, the district court did not abuse its discretion in denying the motion to vacate.") In this regard, they parties say there is no evidence of any "significant" third-party interests in the decision. If this is true, then eliminating the preclusive effect of the decision is not a compelling concern. But after considering the other factors set out above, the Court still cannot conclude that vacatur is warranted.

## CONCLUSION

For all the foregoing reasons, the Court **DENIES** the amended motion for vacatur (Dkt. 34).

DATED: August 23, 2013

B. Lynn Winmill
Chief Judge
United States District Court